Case 4:21-cv-03963   Document 19   Filed on 03/23/22 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
March 23, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, *not in its Individual Capacity but solely as Owner Trustee for Verus Securitization Trust 2020-NPL1*, | § § § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-21-3963 |
| MICHAEL LLOYD PURIFOY, | § § § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Wilmington Savings Fund Society, FSB, as Owner Trustee for Verus Securitization Trust 2020-NPL1, has sued Michael Lloyd Purifoy for failing to pay principal, interest, charges, and fees due under a Note. (Docket Entry No. 1 at ¶ 14). Wilmington alleges that the court has diversity jurisdiction because Wilmington is a citizen of Delaware, Purifoy is a citizen of Texas, and the amount in controversy exceeds $75,000.00. (*Id.* at ¶¶ 5–7).

Purifoy has moved to dismiss for lack of subject-matter jurisdiction, and Wilmington has responded. (Docket Entry Nos. 9, 12). Based on the pleadings, the motion and the response, and the law, the court denies Purifoy's motion to dismiss. The reasons are explained below.

**I.   The Rule 12(b)(1) Standard**

Rule 12(b)(1) governs challenges to a federal court's subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). "Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (quotation omitted). Courts may dismiss for lack of subject-matter jurisdiction based on:

"(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When examining a factual challenge to subject-matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of a plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs., M.D.'s P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (citation omitted); *see also Clark*, 798 F.2d at 741. The court may consider matters outside the pleadings, such as testimony and affidavits, to resolve a factual challenge to subject-matter jurisdiction, without converting the motion to dismiss to one for summary judgment. *Garcia*, 104 F.3d at 1261.

**II.   Analysis**

Purifoy does not dispute that the amount in controversy exceeds $75,000.00 or that Wilmington is a citizen of Delaware. Purifoy argues that Wilmington, as the trustee, is not the real and substantial party to the controversy, and that the citizenship of the trust's shareholders controls for purposes of diversity jurisdiction.

A trustee may "sue in [its] own right, without regard to the citizenship of the trust beneficiaries" if it is a real and substantial party to the controversy. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 191 (1990). "[A] trustee is a real party to the controversy for purposes of diversity jurisdiction when [the trustee] possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980); *see also*

*Bynane v. Bank of New York Mellon for CWMBS Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 357 (5th Cir. 2017) ("Where a trustee has been sued or files suit in [its] own name, the only preliminary question a court must answer is whether the party is an active trustee[ ] whose control over the assets held in [its] name[ ] is real and substantial." (citation and internal quotation marks omitted)). If the trustee is not a real and substantial party, the court must look to the citizenship of the trust's shareholders. *Bynane*, 866 F.3d at 357.

Wilmington argues that it is a "national association and trustee of a traditional trust," that it "holds legal title and with it the power to hold, manage, and dispose the trust assets," and that its well-pleaded complaint includes allegations that it is a real and substantial party. (Docket Entry No. 12 at ¶¶ 10, 15). In its complaint, Wilmington alleged that it is a national association and trustee; that suit is being brought in its own name; and that it is the "owner and holder of the Note and beneficiary of the Security interest." (Docket Entry No. 1 at ¶¶ 1, 5, 13). As owner and holder of the Note, Wilmington has control over foreclosure and this litigation. Purifoy does not dispute Wilmington's arguments or contentions.

Because Wilmington has alleged that it is the owner and holder of the Note and has the power to control litigation and foreclose on the trust asset, the court is satisfied that Wilmington, as trustee, is a real and substantial party. *See SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n.*, 881 F.3d 933, 940 (5th Cir. 2018) (recognizing the U.S. Bank as a real and substantial party because "U.S. Bank, as assignee of the trust's assets—including the Note and Deed of Trust—is the holder of the Note and all rights due under it, and consequently has the right to enforce the Note and defend itself in this lawsuit"). Because Wilmington is a citizen of Delaware, Purifoy is a citizen of Texas, and the controversy exceeds $75,000.00, this court has diversity subject-matter jurisdiction.

### III.     Conclusion

Purifoy's motion to dismiss for lack of subject-matter jurisdiction, (Docket Entry No. 9), is denied.

SIGNED on March 23, 2022, at Houston, Texas.

                                             _____
                                                               Lee H. Rosenthal
                                                     Chief United States District Judge